```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

PAMELA STEVENS,                )
                               )
    Plaintiff,             ) Action No. 5:14-cv-344-JMH
                               )
v.                             )
                               )
                               )
SAM'S EAST, INC.               ) **MEMORANUDM OPINION AND ORDER**
                               )
    Defendant.             )
                               )
                               )

                  ** ** ** ** **

This matter is before the Court upon Plaintiff's amended motion to remand this action to state court. [DE 7]. Defendant has filed its response. [DE 8]. Having considered Plaintiff's motion and being otherwise sufficiently advised, the Court will grant Plaintiff's motion and will remand this matter to the Jessamine Circuit Court.

A defendant seeking to remove a case to federal court based on diversity has the burden of showing that the amount in controversy exceeds $75,000. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001); 28 U.S.C. § 1332. "[W]here the plaintiff seeks to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement, a removing defendant must prove by a preponderance of the evidence that the amount in

controversy exceeds the jurisdictional threshold." *Nowicki-Hockey v. Bank of Am., N.A.,* No. 14-1304 (6th Cir. Nov. 6, 2014) (quoting *Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 158 (6th Cir. 1993) (internal quotation marks and emphasis omitted)). The removing defendant must make this showing by providing competent evidence, which may include interrogatories or requests for admissions. *See King v. Household Fin. Corp. II,* 593 F.Supp.2d 958, 961 n.2 (E.D. Ky. 2009). Here, Defendant relies upon the following request for admission and Plaintiff's response thereto to establish that the amount-in-controversy requirement is met.

> **REQUEST NO. 1:** Please admit that you will not seek damages in excess of $75,000, exclusive of interest and costs, at the trial of this matter.
>
> **RESPONSE:** Deny.

Plaintiff reports that she was also served with interrogatories asking her to state the amount of her damages. Plaintiff responded, "will supplement," since medical treatment is ongoing and she does not yet know whether she will require surgery. Although her complaint mentions lost income, she now claims that she is not seeking lost wages or damages for impairment to earn future income. She states that her damages consist of past and future medical expenses (currently valued at $10,000), pain and suffering, incidental expenses, and possible punitive damages—all resulting from a slip and fall accident on

2

Defendant's premises. Plaintiff claims that she is simply without the necessary knowledge, at this point, to value her claim. Accordingly, when responding to the request for admission, she was not prepared to admit that she would be seeking $75,000 or less.

Defendant's wording of this request for admission is not lost on the Court. Denying that one will not seek a particular amount of damages is not tantamount to admitting that one *will* seek that amount. In this case, Plaintiff has not admitted that she seeks in excess of $75,000 in damages—she is simply leaving her options open. In fact, her current medical expenses are valued at only $10,000. It is far from clear that her claim meets this Court's jurisdictional threshold. The Court emphasizes that it is Defendant's burden to prove that this threshold is met—not Plaintiff's to prove that it is not. If Defendant later receives state-court discovery that establishes the amount in controversy, Defendant will have a thirty-day window to remove the case. *See* 28 U.S.C. § 1446(c)(3)(A). As of now, however, Defendant has not met its burden and the proper course is to remand this case to state court.

Accordingly, **IT IS HEREBY ORDERED:**

1) that Plaintiff's amended motion to remand, [DE 7], is **GRANTED;**

2) that this matter is hereby **REMANDED** to the Jessamine Circuit Court;

3) that Plaintiff's original motion to remand, [DE 5], is **DENIED AS MOOT;**

4) that all schedules and deadlines are **CONTINUED GENERALLY;** and

5) that this matter shall be and hereby is **STRICKEN FROM THE COURT'S ACTIVE DOCKET.**

This the 10th day of November, 2014.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge